## LEAMAN BANKS v. THE STATE.

No. 14581.   Delivered December 16, 1931.

The opinion states the case.

*N. C. Outlaw,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty-five years in the penitentiary.

There is no controversy further than is evinced by a plea of not guilty, over the fact that appellant killed deceased by striking him with a rock. Appellant himself testified to the facts, but claimed that he acted in self-defense.   There was another negro present at the time of the killing who testified for the state, that deceased was lying down on the ground, and that he saw appellant strike him with a rock in the back of his head. This witness testified that appellant had about twenty cents in money at the time of the killing.   When arrested appellant had $3 in his pocket. The testimony seems ample to support the verdict and judgment.

We think the evidence sufficient to justify a conviction of murder with malice, and that bill of exception No. 1, complaining in this regard, presents no error.   While there might be some question regarding the same, the trial court submitted the law of accomplice testimony as applicable to the testimony of the negro present at the scene of the homicide who was used as a witness by the state.

Bills of exception Nos. 2 and 3 seem leveled at the sufficience of the

testimony to show an unlawful homicide because, according to appellant's contention, same was based chiefly upon the testimony of the accomplice witness. We can not agree to the soundness of appellant's contention. If there was any law supporting the proposition, it would still appear from the facts that the dead body showed bruises in the back of the head, and a large rock lay near the body upon which was blood, and appellant admitted that he struck deceased with a rock, also that the injury was sufficient, in the opinion of the physician, to produce death. The physician testified that the skull was fractured, and that this fracture was sufficient to produce death. There is no testimony to support any theory that deceased was struck by a railroad train.

We think it not error for the court to refuse a special charge asking a peremptory instruction, nor to overrule the motion for new trial based on the fact that the testimony did not warrant a conviction for murder with malice and the infliction of the penalty given. We are of opinion that if the witness Henry Body was an accomplice, that there is sufficient evidence in the record to corroborate his testimony. The three negroes were seen in the afternoon passing a point not far from the place where the dead body of Denman was found. Appellant himself admitted that he struck Denman with a rock and killed him.

No error appearing, the judgment will be affirmed.

*Affirmed.*